IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOVELL CARTER,

                Petitioner,

    v.                              CASE NO. 09-3012-RDR

(fnu)(lnu),

                Respondent.

**O R D E R**

This matter is before the court on a pro se document sent to the court by a prisoner incarcerated in a federal correctional facility in Oklahoma. Petitioner was convicted and sentenced in the District of Kansas, see <u>U.S. v Carter</u>, Case No. 07-CR-10192-WEB, and now seeks the sentencing judge's assistance in obtaining an assignment to a residential drug abuse treatment program (RDAP). The clerk's office docketed the document as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, assigned to the undersigned judge.

Having reviewed the record, the court finds this action is subject to being summarily dismissed.

To the extent petitioner seeks to challenge the execution rather than the validity of his federal sentence, he must pursue relief in a petition filed under 28 U.S.C. § 2241. <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). However, to do so petitioner must first fully exhaust available administrative remedies

within the Bureau of Prisons.  *See generally* <u>Wilson v. Jones</u>, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies).  He also must file such a petition in the federal judicial district where he is currently confined.  <u>Bradshaw</u>, 86 F.3d at 166.

Because petitioner is incarcerated in Oklahoma, any request for habeas corpus relief under 28 U.S.C. § 2241 must be filed in the appropriate judicial district in that state, with petitioner's custodian (warden) as the proper respondent.  *See* <u>Hugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000).  This court has no jurisdiction to consider any challenge to the execution of petitioner's sentence while petitioner is incarcerated outside the District of Kansas.

Although this jurisdictional defect could be "cured by transfer [of the petition] under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action 'if the transfer is in the interest of justice," <u>id</u>. at 1150, the court finds no transfer is warranted in this case.  Instead, given the informal nature and limited information provided in petitioner's pro se document, the court finds dismissal of this action without prejudice to petitioner refiling on court approved forms in an appropriate federal court in Oklahoma once he has fully exhausted administrative remedies on any claim regarding his placement in RDAP would be more appropriate.

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed without prejudice.

DATED: This 22nd day of January 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge